**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1965-16T2

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

ROBERT A. DAVIES, a/k/a BOB
DABIES, and ROBERT DAVIS,

    Defendant-Appellant.

_____

Submitted May 7, 2018 - Decided July 20, 2018

Before Judges Accurso and Vernoia.

On appeal from Superior Court of New Jersey,
Law Division, Atlantic County, Indictment
No. 08-08-1867.

Joseph E. Krakora, Public Defender, attorney
for appellant (Amira R. Scurato, Designated
Counsel, on the brief).

Damon G. Tyner, Atlantic County Prosecutor,
attorney for respondent (John J.
Santoliquido, Assistant Prosecutor, on the
brief).

PER CURIAM

    Defendant Robert A. Davies appeals from the denial of his

petition for post-conviction relief (PCR), contending he

established a prima facie case of ineffective assistance of counsel requiring an evidentiary hearing. Because Judge DeLury was correct in determining the evidence insufficient to sustain defendant's burden, we affirm.

The tragic facts of this case are easily summarized. Defendant insulted a Mexican man, Mario Chavez, in the men's room of a bar in Margate in the early hours of an August morning in 2007, by telling him "this was not his country and he should leave." State v. Davies, No. A-5986-10 (App. Div. Nov. 20, 2014) (slip op. at 5-6). Chavez complained to the management, and defendant left the bar.

Shortly thereafter, three of Chavez's friends, standing outside, spotted defendant walking away and pointed him out to Chavez. Chavez came up from behind defendant and punched him in the head, knocking him to the ground. After a minute, defendant got up and started to run after Chavez, who by that time was walking back toward the bar. Chavez's friends called out a warning that defendant was right behind him. As they watched defendant start to chase their friend, they saw a light-skinned man, whom they thought might have been African-American, who had also witnessed the punch, cross the street and run after defendant "really fast." They followed.

When the light-skinned man caught up with defendant, he tapped him on the shoulder. As defendant spun around, the man, later identified as a British traveler, Lavern Ritch, put up his hands and said, "I'm just trying to help." Another witness heard those words and turned around to see defendant punch Ritch and continue after Chavez. Defendant had not punched Ritch but stabbed him, the knife penetrating a rib and the right ventricle of Ritch's heart, killing him. When defendant, who never caught Chavez, stopped running, another man asked him what happened, to which defendant replied, "a Mexican snuck me."

Defendant successfully pursued a motion to represent himself a year before trial. Defendant did so, with appointed stand-by counsel, from that time until just before the State concluded its case at trial. Then, citing exhaustion and dissatisfaction with his cross-examination of one of the State's witnesses, defendant relinquished counsel duties to stand-by counsel, who represented defendant through verdict.

The jury acquitted defendant of murder, N.J.S.A. 2C:11-3(a)-(b); aggravated manslaughter, N.J.S.A. 2C:11-4(a)(1); passion/provocation manslaughter, N.J.S.A. 2C:11-4(b)(2); and possessing a knife under circumstances not manifestly appropriate for its use, N.J.S.A. 2C:39-5(d), but convicted him of second-degree reckless manslaughter, N.J.S.A. 2C:11-4(b)(1);

A-1965-16T2

third-degree possession of a knife with the purpose of using it unlawfully against the person of another, which the judge instructed the jury was the unlawful purpose of killing Ritch, N.J.S.A. 2C:39-4(d); and fourth-degree possession of a weapon by a convicted person, N.J.S.A. 2C:39-7(a). Id. at 2. The judge sentenced defendant to an extended term of twenty years, subject to the periods of parole ineligibility and supervision required by the No Early Release Act, N.J.S.A. 2C:43-7.2. Id. at 2-3.

Defendant appealed, alleging the trial court made multiple errors in instructing the jury, including, among others, omitting any reference to the facts of the case in the instruction on the failure to retreat portion of the self-defense instruction, specifically that he knew Chavez was not alone, but had friends, and that defendant had run over 220 yards and was out of breath when Ritch tapped him on the shoulder; failing to give a special instruction on transferred intent; failing, after the prosecutor argued in summation that defendant intended to kill Chavez, to give a special instruction on unanimity; erring in the instruction on causation as it related to manslaughter; and misstating the unlawful purpose element in the instruction on possession of a weapon for an unlawful purpose. Defendant's counsel also argued the court mishandled the bifurcated trial on the certain persons offense

and that his conviction on that charge, after he was acquitted of unlawful possession of the same weapon, was barred by collateral estoppel principles, and that prosecutorial misconduct in summation and cumulative error deprived defendant of a fair trial.

Defendant filed two extensive supplemental briefs elaborating on some of those points and raising several other issues. Id. at 12-14. We affirmed defendant's conviction but remanded for resentencing. Id. at 14. As to defendant's multiple claims of error in the jury instructions, we found, "[r]ead as whole, those instructions clearly conveyed the essential elements of every crime the State was required to prove beyond a reasonable doubt and all of the elements of self-defense implicated by the evidence that the State was required to disprove beyond a reasonable doubt in order to obtain the guilty verdicts the jury returned." Id. at 16-17. The Supreme Court denied defendant's petition for certification, State v. Davies, 221 N.J. 287 (2015), and we affirmed defendant's appeal of his sentence after remand on an excessive sentence calendar.

Defendant filed a petition for PCR, alleging ineffective assistance of stand-by counsel for his failure to secure ancillary services of an expert in order to allow defendant to establish a diminished capacity defense, failure to call two

material witnesses and failure to object to the prosecutor's summation and to the jury charge. Judge DeLury denied the petition in a comprehensive thirty-three page opinion, which addressed each of defendant's claims in considerable detail.

The judge explained that no ineffective assistance claim will lie for events occurring during the period in which defendant acted as his own counsel. See State v. Ortisi, 308 N.J. Super. 573, 588 (App. Div. 1998). The judge further found it was defendant's obligation to secure an expert witness, if one was desired, not stand-by counsel's. The judge also noted the correspondence in the record regarding defendant's rejection of the expert the Office of the Public Defender retained on defendant's behalf and that Office's clear direction to defendant that it was his "obligation to identify, select and negotiate with the experts [he] want[s] to testify." The judge found choosing and working with an expert was a matter of trial strategy, not trial procedure, and one of the responsibilities defendant assumed when he determined to represent himself.

The judge ruled the decision to call fact witnesses at trial, however, was one defendant ceded to trial counsel who assumed defendant's representation near the end of the State's

case, making analysis under the <u>Strickland</u>[1] two-prong standard appropriate. The judge rejected defendant's claim his counsel was ineffective for failing to call the two people who told police they only saw Mexican or Hispanic men running after defendant and not the "light-skinned black male" as Chavez's friends described Ritch.

The judge determined the decision not to call those witnesses was a strategic one, <u>see</u> <u>State v. Bey</u>, 161 N.J. 233, 251 (1999), and could not have prejudiced defendant in any event. The judge noted "[t]he knowledge of the two witnesses, in believing all of the men following defendant, including Ritch, were Mexican, does not translate to the defendant having this knowledge." He found there was nothing in the record to suggest defendant knew "he was being followed by anyone, let alone that he believed he was being followed by a group of Mexican men who were going to attack him."

Although deeming defendant's claims of ineffective assistance relating to the jury charge as procedurally barred by <u>R.</u> 3:22-4, because we considered them on direct appeal, Judge DeLury nevertheless analyzed, and rejected, each one. He likewise considered and rejected each of defendant's pro se

---

[1]  <u>Strickland v. Washington</u>, 466 U.S. 668, 687-88 (1984).

claims and denied his request for an evidentiary hearing based on his failure to have presented a prima facie case of ineffective assistance.  See State v. Preciose, 129 N.J. 451, 462-64 (1992).

Defendant appeals raising the following issues:

POINT I

THE PCR COURT ERRED IN DENYING THE
DEFENDANT'S PETITION FOR POST-CONVICTION
RELIEF WITHOUT AFFORDING HIM AN EVIDENTIARY
HEARING TO FULLY ADDRESS HIS CONTENTION THAT
HE FAILED TO RECEIVE ADEQUATE LEGAL
REPRESENTATION AT THE TRIAL LEVEL.

A.   Counsel was ineffective for failing to
advocate for an expert and to advise
defendant on the process involved.

B.   Counsel was ineffective for failing to
call two eyewitnesses.

C.   Counsel was ineffective for failing to
object to the court's charge regarding the
"failure to retreat" portion of the self-
defense charge's failure to address the
facts of this case.

D.   Counsel was ineffective for failing to
object to the prosecutor's argument in
summation that defendant was guilty of
intending to kill Mario Chavez instead of
Lavern Ritch.

E.   Counsel was ineffective for failing to
request the proper jury instructions and for
failing to make a request to charge after
the prosecutor's summation.

Our review of the record convinces us that none of those arguments is of sufficient merit to warrant discussion in a written opinion, R. 2:11-3(e)(2).  The issues defendant raises on appeal were addressed at length in our opinion on defendant's direct appeal of his conviction and found unavailing.  As to defendant's claim that counsel erred in failing to call the two witnesses, we explained there why "[t]he identity of the person posing the threat was immaterial to the defense." Davies, slip op. at 22.

Judge DeLury carefully considered each of defendant's numerous claims.  We agree with his finding that defendant failed to demonstrate the performance of his trial counsel was substandard or that, but for any alleged errors, the result would have been different.  See Strickland, 466 U.S. at 687-88. Accordingly, we affirm the denial of defendant's petition substantially for the reasons set forth in Judge DeLury's cogent and well-reasoned written opinion of November 18, 2016.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1965-16T2